2021 IL App (3d) 190758

Opinion filed February 1, 2021

_____

IN THE

APPELLATE COURT OF ILLINOIS

THIRD DISTRICT

2021

| | | |
|---|---|---|
| INTERNATIONAL ASSOCIATION OF FIRE FIGHTERS, LOCAL 50, | ) ) ) | Appeal from the Circuit Court of the 10th Judicial Circuit, Peoria County, Illinois. |
| Plaintiff-Appellee, | ) ) | |
| v. | ) ) | Appeal No. 3-19-0758 Circuit No. 18-MR-439 |
| | ) | |
| THE CITY OF PEORIA, a Municipal Corporation, | ) ) ) | Honorable Mark E. Gilles, |
| Defendant-Appellant. | ) | Judge, Presiding. |

_____

JUSTICE O'BRIEN delivered the judgment of the court, with opinion.
Presiding Justice McDade and Justice Lytton concurred in the judgment and opinion.

_____

**OPINION**

¶ 1    The defendant, the City of Peoria (City), appeals from a grant of summary judgment in favor of the plaintiff, the International Association of Fire Fighters, Local 50 (Union), in a declaratory judgment action challenging the definitions in a City ordinance.

¶ 2                                    FACTS

¶ 3    The Public Safety Employee Benefits Act (Act) (820 ILCS 320/1 *et seq.* (West 2018)) provides that a city must pay "the entire premium of [its] health insurance plan" for a full-time firefighter, the firefighter's spouse, and the firefighter's dependents if the firefighter suffers a

catastrophic injury or is killed in the line of duty. 820 ILCS 320/10(a) (West 2018). The Act does not define the terms "injury" or "catastrophic injury."

¶ 4        The City passed an ordinance on June 12, 2018, amending section 2-350 of the Peoria City Code. Peoria Ordinance No. 17584 (approved June 12, 2018). The ordinance amended the application procedures for those seeking the Act benefits in the City, and it also defined terms used but not defined in section 10 of the Act, specifically defining "injury," "gainful work," and "catastrophic injury." Peoria City Code § 2-350(b) (amended June 12, 2018). "Catastrophic injury" is defined as "[a]n injury, the direct and proximate consequences of which permanently prevent an individual from performing any gainful work." *Id.* "Gainful work" is defined as "[f]ull- or part-time activity that actually is compensated or commonly is compensated." *Id.* "Injury" is defined as:

> "A traumatic physical wound *** directly and proximately caused by external force ***, chemicals, electricity, climatic conditions, infectious disease, radiation, virus, or bacteria, but does not include:
>
> (1) Any occupational disease; or
>
> (2) Any condition of the body caused or occasioned by stress or strain." *Id.*

¶ 5        After the City passed the ordinance, the Union filed a complaint seeking a declaratory judgment that the definitions were not consistent with the Act. The City responded that the definitions did not violate or contradict the Act, and the City had the power to define those terms pursuant to its home rule authority. The parties filed cross-motions for summary judgment. The circuit court held that the Union had associational standing and granted summary judgment in favor of the Union. The circuit court held that the terms "catastrophic injury" and "injury" as used in Act were "not ambiguous when considering the full text of [section 10] along with the [j]udicial

2

opinions construing and defining those terms." Thus, the circuit court ruled that the City's definitions of "catastrophic injury" and "injury" were invalid, null and void, and struck the definition of "gainful work" as superfluous. The City appealed.

¶ 6                                                    ANALYSIS

¶ 7        The City argues that establishing the definitions constituted a permissible exercise of the City's home rule authority and that the definitions did not contradict the statutory text of the Act. The Union contends that the term "catastrophic injury" as used in section 10 of the Act was judicially defined in 2003 as synonymous with an injury resulting in a line-of-duty disability pension. See *Krohe v. City of Bloomington*, 204 Ill. 2d 392 (2003). The Union argues that the City's attempt to redefine "catastrophic injury" and "injury" and to add a "gainful work" requirement was inconsistent with the Act. The Union contends that the City's home rule authority did not give it the power to redefine those terms. We review *de novo* orders granting summary judgment. *Palm v. 2800 Lake Shore Drive Condominium Ass'n*, 2013 IL 110505, ¶ 28.

¶ 8        Section 10 of the Act, titled "Required health coverage benefits," states:

        "(a) An employer who employs a full-time law enforcement, correctional or correctional probation officer, or firefighter, who, on or after the effective date of this Act suffers a catastrophic injury or is killed in the line of duty shall pay the entire premium of the employer's health insurance plan for the injured employee, the injured employee's spouse, and for each dependent child of the injured employee ***. ***

                                                    * * *

        (b) In order for the law enforcement, correctional or correctional probation officer, firefighter, spouse, or dependent children to be eligible for insurance coverage under this Act, the injury or death must have occurred as the result of the officer's response to fresh

pursuit, the officer or firefighter's response to what is reasonably believed to be an emergency, an unlawful act perpetrated by another, or during the investigation of a criminal act." 820 ILCS 320/10(a)-(b) (West 2018).

¶ 9    In *Krohe*, the Illinois Supreme Court found that the phrase "catastrophic injury" as used in section 10(a) of the Act was ambiguous. *Krohe*, 204 Ill. 2d at 397. In *Krohe*, a firefighter who had been awarded a line-of-duty disability pension brought a declaratory judgment action seeking to have the city pay his and his family's health insurance premiums pursuant to section 10(a) of the Act. *Id.* at 394. The city declined to pay, arguing that the firefighter did not have a "catastrophic injury" as required by section 10(a) of the Act. *Id.* at 396. The court found that, while the statute was facially ambiguous, the legislative history was unambiguous, and the court ruled that the legislative intent was for the phrase "catastrophic injury" in section 10(a) of the Act to be synonymous with an injury resulting in a line-of-duty disability under section 4-110 of the Illinois Pension Code (Code) (40 ILCS 5/4-110 (West 2018)). *Krohe*, 204 Ill. 2d at 400.

¶ 10    The City seeks to distinguish *Krohe* on the basis that the City is a home rule municipality, and it passed its ordinance under its home rule authority. The City contends that its definition should trump the judicial interpretation in *Krohe*.

¶ 11    The City had the authority as a home rule unit to adopt procedures for determining claims under the Act. *Pedersen v. Village of Hoffman Estates*, 2014 IL App (1st) 123402. However, as specifically provided in section 20 of the Act, "[a]n employer, including a home rule unit, that employs a full-time law enforcement, correctional or correctional probation officer, or firefighter may not provide benefits to persons covered under this Act in a manner inconsistent with the requirements of this Act." 820 ILCS 320/20 (West 2018). The court in *Pedersen* distinguished the procedural requirements that the home rule unit could exercise concurrent control over the

4

substantive requirements of the Act. *Pedersen*, 2014 IL App (1st) 123402, ¶ 37; see also *Englum v. City of Charleston*, 2017 IL App (4th) 160747, ¶ 55; *Esser v. City of Peoria*, 2019 IL App (3d) 180702, ¶ 13 (city's designation as high deductible plan as its "basic" plan under the Act was not inconsistent with procedures of the Act). The City, pursuant to its home rule authority and in accordance with section 20 of the Act, could define an administrative procedure for determining benefits under the Act, but it could not redefine the Act's substantive terms to the extent that the City would provide benefits inconsistent with the Act.

¶ 12　　　After the Illinois Supreme Court has construed a state statute, " 'that construction becomes, in effect, a part of the statute and any change in interpretation can be effected by the General Assembly if it desires so to do.' " *Village of Vernon Hills v. Heelan*, 2015 IL 118170, ¶ 19 (quoting *Mitchell v. Mahin*, 51 Ill. 2d 452, 456 (1972)). Pursuant to *Krohe*, "a pension board's award of a line-of-duty disability pension establishes [as a matter of law] that the public safety employee suffered a catastrophic injury as required by section 10(a) of [the Act]." *Id.* ¶ 25. The Act was never amended in response to *Krohe*. Thus, if a firefighter is injured and awarded line-on-duty disability, he has a catastrophic injury pursuant to section 10(a) of the Act. We conclude that the City's definitions of "catastrophic injury," "injury," and "gainful work" were inconsistent with the substantive requirements of the Act, and the ordinance was not a valid exercise of home rule authority.

¶ 13　　　　　　　　　　　　　　CONCLUSION

¶ 14　　　The judgment of the circuit court of Peoria County is affirmed.

¶ 15　　　Affirmed.

**No. 3-19-0758**

| | |
|---|---|
| **Cite as:** | *International Ass'n of Fire Fighters, Local 50 v. City of Peoria*, 2021 IL App (3d) 190758 |
| **Decision Under Review:** | Appeal from the Circuit Court of Peoria County, No. 18-MR-439; the Hon. Mark E. Gilles, Judge, presiding. |
| **Attorneys for Appellant:** | Esther J. Seitz, of Hinshaw & Culbertson LLP, of Springfield, for appellant. |
| **Attorneys for Appellee:** | Thomas W. Duda and Scott Moran, of Palatine, and Jerry L. Marzullo and Joseph E. Weishampel, of Puchalski Goodloe Marzullo, LLP, of Northbrook, for appellee. |